## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

RONNIE WADDELL,

                                 Case No:

        Plaintiff,                   Hon:

v.                                **COMPLAINT**
                                **AND DEMAND**
                                **FOR JURY TRIAL**

SERGEANT T. ZAK, DEPUTY D. SMITH,  LIEUTENANT MIMS, DEPUTY
VERHEIST, DEPUTY MASON, DEPUTY S. MESSER, DEPUTY POOLE,
DEPUTY B. COMPEAU, DEPUTY FULLER, SERGEANT SKINNER,
DEPUTY MCWILLIAMS, DEPUTY BROCK AND THE COUNTY OF
GENESEE,
Jointly and Severally,

        Defendants.

_____

LAW OFFICE OF NEAL J. WILENSKY, PC
By: Neal J. Wilensky (P35182)
Attorney for Plaintiff
6005 W. St. Joseph, Suite 303
Lansing, Michigan 48917
(517) 323-1111

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

1

**NOW COMES** Plaintiff, Ronnie Waddell, by and through his counsel, Neal J. Wilensky, and for his causes of action against defendants, state and allege as follows:

1.     Plaintiff is a resident of the City of  Flint, County of Genesee, State of Michigan.

2.     That Sergeant T. Zak is an employee of the County of Genesee Sheriff's Department and is a resident of the County of Genesee.

3.     That Deputy D. Smith is an employee of the County of Genesee Sheriff's Department and is a resident of the County of Genesee.

4.     That Lieutenant Mims is an employee of the County of Genesee Sheriff's Department and is a resident of the County of Genesee.

5.     That Deputy Verhiest is an employee of the County of Genesee Sheriff's Department and is a resident of the County of Genesee.

6.     That Deputy Mason  is an employee of the County of Genesee

Sheriff's Department and is a resident of the County of Genesee.

7.     That Deputy S. Messer  is an employee of the County of Genesee

Sheriff's Department and is a resident of the County of Genesee.

8.     That Deputy Poole is an employee of the County of Genesee

Sheriff's Department and is a resident of the County of Genesee.

9.     That Deputy B. Compeau is an employee of the County of Genesee

Sheriff's Department and is a resident of the County of Genesee.

10.    That Deputy Fuller is an employee of the County of Genesee

Sheriff's Department and is a resident of the County of Genesee.

11.     That Sergeant Skinner is an employee of the County of Genesee

Sheriff's Department and is a resident of the County of Genesee.

12.    That Deputy McWilliams is an employee of the County of Genesee

Sheriff's Department and is a resident of the County of Genesee.

13. That Deputy Brock is an employee of the County of Genesee Sheriff's Department and is a resident of the County of Genesee.

14. That Defendant County of Genesee is a municipal county incorporated under the law of the State of Michigan employing a full and part time Sheriff's Department and is located in the City of Flint, County of Genesee, State of Michigan.

15. That the amount in controversy exceeds One Hundred ($100,000.00) dollars.

16. This court has jurisdiction over Plaintiff's claims under the 1983 Act pursuant to 28 U.S.C. 1331 and 1343 because these claims arise under the Constitution and laws of the United States and are brought to redress the deprivation under color of state law the privileges and immunities secured by the Constitution of the United States.

17. That Defendants performed their duties for   the County of Genesee while under the color of state law.

4

18.   That pursuant to 28 U.S.C. 1367 this Court has supplemental jurisdiction over any claims arising under Michigan law.

19.   That Mr. Waddell was arrested by the Genesee County Sheriff's Department at his home on August 6, 2015 on outstanding warrants.

20.   That upon his entry to the Genesee County Jail he notified intake staff that he was on 120 milligrams of Methadone per day.

21.   That Mr. Waddell  was held in the bullpen for the first 48 hours with no medication and he made several requests for his medication and told the staff he was detoxing badly.

22.   That then Mr. Waddell was held in a one man cell near booking for another 48 hours without his medication.

23.   That Mr. Waddell was moved to the trustee floor (3rd) and given a job in the kitchen washing pots and pans.

24.   That Mr. Waddell told the trustee floor nurse that he had not slept in a week and was feeling worse.

25.   The Deputy told Mr. Waddell to write a kite an get back into his cell.

26.   That on August 14, 2015 Mr. Waddell goes to his kitchen job and Miss B \ the kitchen staff receives a call from booking to send Mr. Waddell down to booking.

5

27.  That when Mr. Waddell arrived at booking he was told noone called for him to come to booking and he told the Deputy he was still detoxing from Methadone.

28.  The deputies then had him change his clothes and put him back in a single man cell.

29.  After several hours Mr. Waddell put his face where they put the food through and saw Sgt Skinner and an African American women walking down the hall and he told them "I am supposed to be out on tether today."

30.  Another hour went by and Deputy McWilliams walked by and Mr. Wadell asked for Sgt Skinner, Deputy McWilliams  told him to get back from the door and he was then pepper sprayed in the face.

31.  Mr. Wadell began to scream and tell and then several deputies entered the cell and put him in a restraint chair and tased him several times after he was restrained.

32.  Then they let him go take a shower and put him back in a different one man cell.

33.  They deputies outside his cell were taunting him and verbally abusing him to which Mr. Wadell responded "F*** off'.

6

34.   That Deputy Mercer, Deputy Fuller and Sgt Skinner pulled Mr. Waddell out of his cell and put him in the restraint chair and Deputy Brock chocked him with handcuffs from behind until he was unconscious.

35.   A nurse responded "I already cleared him" to which Deputy Brock responded "get the f*** back."

36.   That on August 15, 2016 Mr. Waddell woke up alone, hogtied with handcuffs connecting his wrists to his ankles on a plastic gurney and started screaming " I have to go to the bathroom" noone responded so he urinated on himself.

37.   When deputies arrived  they wheeled Mr. Waddell back to the dress out room and let him take a quick shower and put him back in a different cell.

38.   That Mr. Wadell yelled through the vents to Miss B in which she responded "the booking department is cooked".

39.   That a deputy approached Mr. Waddell door and told him to step back because they were putting him in a different cell.

40.   That Mr. Waddell started saying he did not want to be moved as he was scared, then 8 deputies in riot gear entered his room and tazed him, beat him and hit him with nightsticks including but not limited to Deputy D. Smith,

Lt. Mims, Sgt. Zak, Deputy E. Verhelst, Deputy Skinner, Deputy Poole and Deputy R. Mason.

41.   That Mr. Wadell was moved to the dressout room and was restrained while beaten and peppersprayed by the above mention jail personal listed in paragraph 40.

42.   That Sgt. Skinner had a nurse come and give him an uknown pill.

43.   That Mr. Waddell started screaming "help me' and the Sgt. Zak smacked him with a stick in the temple knocking him unconscious.

44.   As he regained consciousness he  was in different clothes and being walked around the booking area, had his wrist band removed and loaded into a car.

45.   That on August 16, 2015 Mr. Waddell was tased by Deputy Messer and peppersprayed by Deputy Compeau.

46.   When Mr. Waddell was walked to the booking area Deputy Fuller noticed a cut on his hand where he had been complaining of handcuffs being too tight.

47.   While in the process of being transported to Hurley Hospital for medical attention Deputy Messer slammed Mr. Waddell to the ground and secured him in bellychains.

48.   That upon arrival at Hurley Hospital the deputy said "well we probably wont be able to come back here again."

49.   That Mr. Waddell was admitted and treated at Hurley Medical Center.

50.    Defendants herein acting under the color of state law deprived Plaintiff of

his constitutional rights including, but not limited to, the following:

     a.   The right to not be deprived of life, liberty and property without
        procedure to substantive due process of law under the Fourth
        Amendment of the Constitution of the United States.

     b.   The right to be free from excessive force by law enforcement
        by the Constitutional guarantees under the Fourth  Amendment.

     c.   The right to adequate medical treatment as provided for in the
        Eighth Amendments to the Constitution of the United States.

51.   That at all times relevant hereto Defendant's knew Mr. Waddell was

detoxing from Methadone and yet he was deprived of treatment and

medicine while enduring the physical mistreatment as described above until

being released on August 16, 2015.

52.   That  after booking until he left the jail on August 16, 2015 Mr.Waddell

repeatedly asked for medicine and told Deputies and jail staff he was

detoxing badly.

## COUNT I

53.   Plaintiff realleges paragraphs 1-52 as herein stated above.

9

54.   That Sergeant Zak knew of Mr. Waddell's repeated requests for Methadone and denied those requests.

55.   That Sergeant Zak knew Mr. Wadell was severely detoxing and denied him medical attention.

56.   That on August 15, 2015 Sergeant Zak entered Mr. Waddell's room in riot gear and beat, tazed and hit him with nightsticks.

57.   That on August 15, 2015 Mr. Waddell screamed "help me" and then Sergeant Zak smacked him with a nightstick in the temple knocking him unconscious.

58.   That as a proximate direct result of Defendant Sergeant Zak's acts and omissions as described above,  Mr. Waddell suffered damages including, but not limited to:

    a.   Pain and suffering

    b.   Low back and arm injuries

    c.   Emotional stress  and anxiety

    d.   Punitive damages against Defendant Sergeant Zak.

**WHEREFORE**, Plaintiff demands judgment against Defendant, Sergeant Zak in both his official and individual capacity, in an amount he is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## COUNT II

59. Plaintiff realleges paragraphs 1-58 as herein stated above.

60. That Deputy Smith knew of Mr. Waddell's repeated requests for Methadone and denied those requests.

61. That Deputy Smith knew Mr. Wadell was severely detoxing and denied him medical attention.

62. That on August 15, 2016 Deputy Smith entered Mr. Waddell's room in riot gear and beat, tazed and hit him with nightsticks.

63. That as a proximate direct result of Defendant Deputy Smith acts and omissions as described above,  Mr. Waddell suffered damages including, but not limited to:

    a.    Pain and suffering

    b.    Low back and arm injuries

    c.    Emotional stress  and anxiety

11

d.     Punitive damages against Defendant Deputy Smith.


**WHEREFORE**, Plaintiff demands judgment against Defendant, Deputy Smith in both his official and individual capacity, in an amount he is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## <u>COUNT III</u>

64.    Plaintiff realleges paragraphs 1-63 as herein stated above.


65.    That Lieutenant Mims knew of Mr. Waddell's repeated requests for Methadone and denied those requests.

66.    That Lieutenant Mims knew Mr. Wadell was severely detoxing and denied him medical attention.

67.    That on August 15, 2015 Lieutenant Mims entered Mr. Waddell's room in riot gear and beat, tazed and hit him with nightsticks.

68.    That as a proximate direct result of Defendant Lieutenant Mims acts and omissions as described above,  Mr. Waddell suffered damages including, but not limited to:

12

a.      Pain and suffering

b.      Low back and arm injuries

c.      Emotional stress  and anxiety

d.      Punitive damages against Defendant Lieutenant Mims.


**WHEREFORE**, Plaintiff demands judgment against Defendant, Lieutenant Mims  in both his official and individual capacity, in an amount he is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## <u>COUNT IV</u>

69.   Plaintiff realleges paragraphs 1-68 as herein stated above.

70.   That Deputy Verhelst knew of Mr. Waddell's repeated requests for Methadone and denied those requests.

71.   That Deputy Verhelst knew Mr. Waddell was severely detoxing and denied him medical attention.

72.   That  on August 15,2015 Deputy Verhelst entered Mr. Waddell's room in riot gear and beat, tazed and hit him with nightsticks.

73.     That Deputy Verhelst then moved Mr. Waddell to the dressout room and

        beat him and pepper sprayed him while Mr. Waddell was restrained.

74.     That as a proximate direct result of Defendant Deputy Verhelst
        acts and omissions as described above,  Mr. Waddell suffered damages

        including, but not limited to:

        a.     Pain and suffering

        b.     Low back and arm injuries

        c.     Emotional stress  and anxiety

        d.     Punitive damages against Defendant Deputy Verhelst.


        **WHEREFORE**, Plaintiff demands judgment against Defendant,

Deputy Verhelst  in both his official and individual capacity, in an amount

he is found to be entitled to in excess of One Hundred Thousand Dollars

plus costs, interest and reasonable attorney fees and punitive damages as

allowed under the Federal Rules of Civil Procedure.

## COUNT V

75.     Plaintiff realleges paragraphs 1-74 as herein stated above.

76.     That Deputy Mason knew of Mr. Waddell's repeated requests for Methadone and denied those requests.

77.     That Deputy Mason knew Mr. Wadell was severely detoxing and denied him medical attention.

78.     That on August 15, 2015 Deputy Mason entered Mr. Waddell's room in riot gear and beat, tazed and hit him with nightsticks.

79.     That on August 15, 2015 Deputy Mason then moved Mr. Waddell to the dressout room and beat him and pepper sprayed him with Mr. Waddell was restrained.

80.     That as a proximate direct result of Defendant Deputy Mason acts and omissions as described above,  Mr. Waddell suffered damages including, but not limited to:

        a.      Pain and suffering

        b.      Low back and arm injuries

        c.      Emotional stress  and anxiety

        d.      Punitive damages against Defendant Deputy Mason.

**WHEREFORE**, Plaintiff demands judgment against Defendant, Deputy Mason  in both his official and individual capacity, in an amount he is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## COUNT VI

81.   Plaintiff realleges paragraphs 1-80 as herein stated above.

82.   That Deputy Messer knew of Mr. Waddell's repeated requests for Methadone and denied those requests.

83.   That Deputy Messer knew Mr. Wadell was severely detoxing and denied him medical attention.

84.   That on August 16, 2015 Mr. Waddell was tazed by Deputy Messer and peppersprayed by Deputy Messer.

85.   That Deputy Messer slammed Mr. Waddell to the ground and secured him in bellychains.

86.   That as a proximate direct result of Defendant Deputy Messer

acts and omissions as described above,  Mr. Waddell suffered damages

including, but not limited to:

a.      Pain and suffering

b.      Low back and arm injuries

c.      Emotional stress  and anxiety

d.      Punitive damages against Defendant Deputy Messer.


**WHEREFORE**, Plaintiff demands judgment against Defendant,

Deputy Messer  in both his official and individual capacity, in an amount he

is found to be entitled to in excess of One Hundred Thousand Dollars plus

costs, interest and reasonable attorney fees and punitive damages as allowed

under the Federal Rules of Civil Procedure.


## <u>COUNT VI</u>

87.    Plaintiff realleges paragraphs 1-86 as herein stated above.


88.    That Deputy Compeau knew of Mr. Waddell's repeated requests for

Methadone and denied those requests.


17

89.     That Deputy Compeau knew Mr. Wadell was severely detoxing and denied

        him medical attention.

90.     That on August 16, 2015 Mr. Waddell was tazed by Deputy Messer and

        peppersprayed by Deputy Compeau.

91.     That on August 16, 2015 Deputy Compeau slammed Mr. Waddell to the

        ground and secured him in bellchains.


92.     That as a proximate direct result of Defendant Deputy Compeau
        acts and omissions as described above,  Mr. Waddell suffered damages

        including, but not limited to:

        a.     Pain and suffering

        b.     Low back and arm injuries

        c.     Emotional stress  and anxiety

        d.     Punitive damages against Defendant Deputy Compeau.


        **WHEREFORE**, Plaintiff demands judgment against Defendant,

Deputy Compeau  in both his official and individual capacity, in an amount

he is found to be entitled to in excess of One Hundred Thousand Dollars

plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## **COUNT VIII**

93.   Plaintiff realleges paragraphs 1-92 as herein stated above.

94.   That Deputy Poole knew of Mr. Waddell's repeated requests for Methadone and denied those requests.

95.   That Deputy Poole knew Mr. Wadell was severely detoxing and denied him medical attention.

96.   That on August15, 2015 Deputy Poole entered Mr. Waddell's room in riot gear and beat, tazed and hit him with nightsticks.

97.   That as a proximate direct result of Defendant Deputy Poole acts and omissions as described above,  Mr. Waddell suffered damages including, but not limited to:

a.    Pain and suffering

b.    Low back and arm injuries

c.    Emotional stress  and anxiety

d.    Punitive damages against Defendant Deputy Poole.

**WHEREFORE**, Plaintiff demands judgment against Defendant, Deputy Poole in both his official and individual capacity, in an amount he is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## COUNT IX

98.   Plaintiff realleges paragraphs 1-97 as herein stated above.

99.   That Deputy Fuller knew of Mr. Waddell's repeated requests for Methadone and denied those requests.

100.  That Deputy Fuller knew Mr. Wadell was severely detoxing and denied him medical attention.

101.  That August 14, 201 Deputy Fuller pulled Mr.Waddell out of his cell  and put him in the restraint chair while Deputy Brock chocked him with handcuffs from behind until he was unconscious.

102.   That as a proximate direct result of Defendant Deputy Fuller
       acts and omissions as described above,  Mr. Waddell suffered damages

       including, but not limited to:

       a.      Pain and suffering

       b.      Low back and arm injuries

       c.      Emotional stress  and anxiety

       d.      Punitive damages against Defendant Deputy Fuller.


            **WHEREFORE**, Plaintiff demands judgment against Defendant,

       Deputy Fuller in both his official and individual capacity, in an amount he is

       found to be entitled to in excess of One Hundred Thousand Dollars plus

       costs, interest and reasonable attorney fees and punitive damages as allowed

       under the Federal Rules of Civil Procedure.

## <u>COUNT X</u>

103.   Plaintiff realleges paragraphs 1-102 as herein stated above.

104.   That Sergeant Skinner knew of Mr. Waddell's repeated requests for

       Methadone and denied those requests.

21

105.   That Sergeant Skinner knew Mr. Wadell was severely detoxing and denied him medical attention.

106.   That on August 14, 2016 Sergeant Skinner pulled Mr.Waddell out of his cell and put him in the  restraint chair while Deputy Brock chocked him with handcuffs from behind until he was unconscious.


107.   That as a proximate direct result of Defendant Sergeant Skinner's acts and omissions as described above,  Mr. Waddell suffered damages including, but not limited to:

a.     Pain and suffering

b.     Low back and arm injuries

c.     Emotional stress  and anxiety

d.     Punitive damages against Defendant Sergeant Skinner.

**WHEREFORE**, Plaintiff demands judgment against Defendant, Sergeant Skinner in both his official and individual capacity, in an amount he is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## COUNT XI

108.  Plaintiff realleges paragraphs 1-107 as herein stated above.


109.  That Deputy McWilliams knew of Mr. Waddell's repeated requests for
      Methadone and denied those requests.

110.  That Deputy McWilliams knew Mr. Wadell was severely detoxing and
      denied him medical attention.

111.  That on August 14, 2015 Deputy McWilliams walked by Mr. Waddell's cell
      and Mr. Waddell asked for Sergeant Skinner, Deputy McWilliams told him
      to get back from the door and then peppersprayed him in the face.

112.  That on August 14, 2015 Deputy McWilliams then entered the cell and put
      him in a restraint chair and tased him several times after he was restrained.

113.  That as a proximate direct result of Defendant Deputy McWilliams
      acts and omissions as described above,  Mr. Waddell suffered damages
      including, but not limited to:

      a.    Pain and suffering

      b.    Low back and arm injuries

      c.    Emotional stress  and anxiety

      d.    Punitive damages against Defendant Deputy McWilliams.

**WHEREFORE**, Plaintiff demands judgment against Defendant, Deputy McWilliams in both his official and individual capacity, in an amount he is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest and reasonable attorney fees and punitive damages as allowed under the Federal Rules of Civil Procedure.

## <u>COUNT XII</u>

114.   Plaintiff realleges paragraphs 1-113 as herein stated above.

115.   That Deputy Brock knew of Mr. Waddell's repeated requests for Methadone and denied those requests.

116.   That Deputy Brock knew Mr. Wadell was severely detoxing and denied him medical attention.

117.   That on August 15, 2015 Deputy Messer, Deputy Fuller and Sergeant Skinner pulled Mr. Waddell out of his cell and put him in the restraint chair and Deputy Brock chocked him with handcuffs from behind until he was unconscious.

118.   A nurse responded "I already cleared him" to which Deputy Brock responded "get the f*** back."

24

119.   That as a proximate direct result of Defendant Deputy Brock
acts and omissions as described above,  Mr. Waddell suffered damages including,

but not limited to:

      a.     Pain and suffering

      b.     Bodily injuries

      c.     Emotional stress  and anxiety

      d.     Punitive damages against Defendant Deputy Brock.

      **WHEREFORE**, Plaintiff demands judgment against Defendant, Deputy

Brock in both his official and individual capacity, in an amount he is found to be

entitled to in excess of One Hundred Thousand Dollars plus costs, interest and

reasonable attorney fees and punitive damages as allowed under the Federal Rules

of Civil Procedure.

## <u>COUNT XIII</u>

120.   Plaintiff realleges paragraphs 1-119 as herein stated above.

121.   That Defendant  Genesee County knew of Mr. Waddell's repeated requests

      for Methadone and denied those requests.

25

122.   That Defendant Genesee County knew Mr. Wadell was severely detoxing and denied him medical attention.

123.   That Defendant Genesee County did not  have a policy to provide medical treatment for inmates detoxing from drugs or controlled substances including but not limited to Methadone in violation of the 8th Amendment of the Constitution of the United States.

124.   That Defendant Genesee County had a policy for deputies to use force only when necessary but did not properly train its employees to prevent the excessive use of physical force by deputies on repeated occasions against Plaintiff Mr. Waddell over three days August 14-16, 2015.

125.   That as a proximate direct result of Defendant Genesee County policies or lack of policies as described above,  Mr.Waddell suffered damages including, but not limited to:
   a.   Pain and suffering

   b.   Bodily injuries

   c.   Emotional stress  and anxiety.

   **WHEREFORE**, Plaintiff demands judgment against Defendant, Genesee County in its official capacity, in an amount he is found to be entitled to in excess of One Hundred Thousand Dollars plus costs, interest

and reasonable attorney fees as allowed under the Federal Rules of Civil

Procedure.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby Demands Trial by Jury.

Dated: 11/15/16

Respectfully submitted,

<u>/s/ Neal J. Wilensky</u>
BY: NEAL J. WILENSKY P-35182
6005 W. St. Joseph, Suite 303
Lansing, Michigan 48917
(517) 323-1111
cindykwlaw@gmail.com